**SO ORDERED.**

**SIGNED this 14th day of April, 2016.**



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

```
              UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                    GREENSBORO DIVISION


   In re:                          )
                                   )
   Alice Marie Nightingale,        )    Case No. 13-10834
                                   )
          Debtor.                  )
                                   )
   _____)
                                   )
                                   )
   Alice Marie Nightingale,        )
                                   )
          Plaintiff,               )
                                   )
   v.                              )    Adversary No. 13-02060
                                   )
   North Carolina State Education  )
   Assistance Authority,           )
                                   )
          Defendant.                )
   _____)
```

1

<u>MEMORANDUM OPINION REGARDING</u>
<u>JUDGMENT DISCHARGING DEBT</u>

This adversary proceeding came before the Court for further trial and reopening of the evidence pursuant to the Court's Order and Notice of Trial Hearing [Doc. # 51] (the "Order and Notice of Trial Hearing"). The case initially came on for trial on October 21, 2015. Following the trial, the Court entered an Order and Memorandum of Opinion and an Order and Notice of Trial Hearing [Doc. # 46, 51] (together, "Orders to Reopen the Evidence"), determining that it was appropriate to reopen the trial for the sole purpose of allowing the Plaintiff to offer corroborative evidence as to her medical conditions about which she testified at trial, and giving the Defendant the opportunity to examine any witnesses or to present any rebuttal evidence related to such corroborative evidence. The Defendant filed a limited objection to the Court's Order to Reopen the Evidence [Doc. # 49] (the "Defendant's Objection"), and the Plaintiff filed a Response to the Objection and Order to Reopen the Evidence [Doc. # 50] (the "Plaintiff's Response").

Having considered the Defendant's Objection and the Plaintiff's Response, the Court entered an Order and Notice of Trial Hearing, allowing thirty (30) days for the Plaintiff to submit to the Defendant any additional evidence to be offered and providing the Defendant fourteen (14) days within which to

2

object to or otherwise respond to Plaintiff's additional evidence. With no objections having been filed, the Court reopened the evidence and scheduled a further trial for April 7, 2016.

At the April 7th trial, Phillip E. Bolton appeared on behalf of the Plaintiff, and Brent D. Kiziah appeared on behalf of the Defendant. The Plaintiff offered four documents relating to her medical treatment since approximately 2008, tending to corroborate the Plaintiff's previous extensive testimony. These documents were marked Exhibits 1 through 4, and the Court admitted the documents into evidence without objection. Plaintiff's Exhibit 2 is a Medical Report for Disability Eligibility Review of the Plaintiff performed by Dr. Elizabeth A. Wanek on May 7, 2012. Plaintiff's Exhibit 3 is a letter dated August 15, 2013, from Dr. Michael T. Gross to the Plaintiff's attorney, acknowledging Dr. Gross was treating the Plaintiff and briefly describing the care provided. Plaintiff's Exhibit 4 is a letter from Dr. Wanek to Plaintiff's attorney dated March 30, 2014, documenting the then current medical status of the Plaintiff concerning the illnesses for which Dr. Wanek had been providing ongoing treatment to the Plaintiff. Plaintiff's Exhibit 1 is a Patient Medical Report printed on February 26, 2016, from the office of Dr. Wanek listing the prescriptions which Dr. Wanek has prescribed for the Plaintiff

from July 7, 2008, through November 8, 2015. The Plaintiff also provided additional testimony concerning her past and current health status.

## FINDINGS OF FACT

The Court incorporates herein the findings of fact made in its Order and Memorandum Opinion [Doc. # 46], which, together with this Memorandum Opinion, shall constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7052. Having considered all evidence presented at trial, the Court makes the following additional findings of fact.

At the inception of this trial, Alice Nightingale was 67 years old. She has been diagnosed with, and has been receiving treatment for, intractable pain in both feet since prior to 2013. The Plaintiff's intractable foot pain limits her ability to walk and stand, causing a debilitating effect on her quality of life. As of the date of the hearing, the Plaintiff's pain has not subsided, and she now must walk with a cane.

The Plaintiff has a history of obstructive sleep apnea, hypothyroidism, and fatigue, and she continues to suffer from these issues, which have only gotten worse over the course of this bankruptcy case since 2012. The Plaintiff was determined to be completely disabled in 2012 by competent medical

4

diagnosis, and she was granted full disability by the Guilford County School Board as a result of this evaluation. The Plaintiff's evaluation for disability eligibility review in 2012 demonstrates that her conditions prevented her from having the strength, energy, endurance, and cognitive ability to be able to perform work.

By March 30, 2014, the Plaintiff's chronic fatigue, obstructive sleep apnea, and hypothyroidism, for which she was previously found to be eligible for total disability from her teaching job, made it hard to manage the activities of daily living, much less engage in productive employment. Although by 2014 she had made some progress from her initial diagnosis, even after two years of treatment by various caregivers, she did not have the energy, the strength, or the stamina to manage material employment.

As of November, 2015, the Plaintiff still is receiving and taking prescription medications from Dr. Wanek, whom she last visited for treatment in October, 2015. The Plaintiff continues to suffer from sleep apnea, chronic fatigue, and hypothyroidism. These ailments combine to significantly limit her cognitive and physical abilities. After two years of treatment, the symptoms have not improved and the Plaintiff is still unable to manage any kind of employment. With the unrebutted record and evidence of the Plaintiff's disabilities in this case now spanning over

eight years since 2008, it is unlikely that the Plaintiff's health will materially improve with respect to her capacity for employment.

Through her testimony and the Court's ability to observe the Plaintiff, she exhibited significantly diminished ability to concentrate and keep thoughts without confusion. She struggled to keep focus while answering questions and appeared to be significantly tired, speaking slowly and with noticeable difficulty.

## **ANALYSIS**

The sole issue remaining for the Court is whether the Plaintiff met the second prong of the Brunner test, a three prong test created by the Second Circuit, which the Fourth Circuit adopted, in order to evaluate whether repaying a student loan will cause undue hardship on a debtor, pursuant to 11 U.S.C. § 523(a)(8). See Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2d. Cir. 1987); Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour), 433 F.3d 393, 398 (4th Cir. 2005). The second prong of the Brunner test requires the debtor to show by a preponderance of the evidence the presence of "additional, exceptional circumstances, strongly suggestive of continuing inability to repay [the debt] over an extended period of time," which demonstrates that the Plaintiff's present hardship was "undue." Brunner, 831 F.3d at 396. The

6

determination of the second prong is performed on a case-by-case basis, and there are no required or dispositive circumstances. In re Frushour, 433 F.3d at 401.

Previously, this Court found that the Plaintiff's current living situation and efforts at repaying her loan supported a finding of exceptional circumstances required to meet the first and third prongs under Brunner. The Plaintiff is elderly, has no job prospects in the field for which she was educated, lives on a meager budget, relies on friends and family for shelter, and had additional medical disabilities that prevent her from being productively employed, as the Defendant conceded in closing arguments at the original trial.

Although no evidence was presented at the October 21, 2015, hearing to dispute that the Plaintiff presently suffers from significant illness and disability preventing her from obtaining or maintaining a job, and although the Court found the Plaintiff's testimony credible, the Plaintiff did not offer any corroborating evidence to support her testimony of the existence of her ailments or the likelihood that those conditions would persist during a significant portion of the repayment period. As more thoroughly discussed in the Court's prior opinion, the Plaintiff was required to produce this type of corroborating evidence in order to meet the second prong of the Brunner test. See In re Greene, 484 B.R. 98, 123 (Bankr. E.D. Va. 2012). See

also Order and Memorandum of Opinion [Doc. # 46] at 13-17. For the reasons stated in the Orders to Reopen the Evidence, the Plaintiff had an additional opportunity to provide such corroborating evidence.

During the April 7th hearing, the Defendant argued that the Plaintiff has failed to carry her burden, as the corroborating evidence presented was insufficient to show the present condition of the Plaintiff's illnesses and the likelihood the illnesses would continue to be debilitating. The Defendant pointed out that the Plaintiff did not present any medical records, including any recent blood work, to show the Plaintiff's debilities continued to the date of the hearing. The Defendant specifically questioned why no evidence was presented concerning the last time the Plaintiff saw Dr. Wanek, and argued that the list of current prescriptions was insufficient to conclusively demonstrate to the Court that the Plaintiff is still receiving care. The Defendant further contended that the evidence provided did not conclusively demonstrate that the Plaintiff could not improve her symptoms in such a way that she could return to work and pay some portion of her remaining student loans sometime in the future.

Although Plaintiff could have presented additional evidence, the Court does not agree that the evidence presented was insufficient under the circumstances of this case. The

8

Plaintiff was diagnosed with intractable pain in both feet for which she has received treatment for years. As of 2013, the intractable pain caused Plaintiff to have limited ability to walk for long distances or stand for prolonged periods of time. The Plaintiff received treatment for this condition, but as of the date of this trial, the Plaintiff testifies her symptoms have worsened, and she now must walk with a cane. The Plaintiff has shown she has been proactive in treating this condition, the condition has not been relieved through treatment after at least three years, and that the condition is getting worse.

The Plaintiff also has been diagnosed with chronic fatigue, obstructive sleep apnea, and hypothyroidism since at least 2008. In 2012, these conditions, all combined, prevented the Plaintiff from having the strength, energy, endurance, and cognitive ability to work. As a result, she was eligible for disability leave until she was required to retire due to her age. The Plaintiff's unrebutted testimony was that these conditions continue today and have not improved. Letters from the Plaintiff's doctor corroborate her testimony. Her doctor determined the Plaintiff was unable to work due to these disabilities in 2012, and opined in 2014 that the Plaintiff still did not have the energy, strength, or stamina to manage any kind of employment. Although the Plaintiff has received treatment for these conditions and continued through at least

9

November of 2015 to be proactive in receiving treatment, the Plaintiff testified that the conditions have not improved since her disability was confirmed four years ago. The passage of time further has evidenced the likelihood that this Plaintiff will not be able to alleviate the symptoms of her illness sufficiently to return to work.

Although the Defendant correctly argues that the Plaintiff could have additionally provided her most recent blood tests and notes from her most recent doctor's visit, and although such evidence could further corroborate that the Plaintiff is not recovering from her symptoms and unlikely to recover in the foreseeable future, the Court does not find it necessary for the Plaintiff to provide every possibly available piece of evidence that could further corroborate the unrebutted evidence in this case.

In reaching this conclusion, the Court has considered the purpose behind the requirement of corroborating evidence. See In re Burton, 339 B.R.856, at 874-875 (Bankr. E.D.Va. 2006) (quoting Kelsey v. Great Lakes Higher Educ. Corp (In re Kelsey), 287 B.R. 132 (Bankr. D. Vt. 2001), for the proposition that the court must "closely scrutinize[] claims for undue hardship based upon psychological or emotional disability due to the susceptibility of such claims to fabrication, exaggeration and fraud"). Corroborating evidence has been offered that is

10

sufficient to satisfy the Court that the Plaintiff has not fabricated her significant medical hardships. Although the standard set forth by <u>Brunner</u> and <u>Frushour</u> and their progeny in this circuit is exacting, each element of the test must be proved by a preponderance of the evidence, rather than demonstrated by clear and convincing evidence. <u>See</u> <u>e.g.</u>, <u>In re Mosko</u>, 515 F.3d 319, 323 (4th Cir. 2008) (the three <u>Brunner</u> elements must be established by a preponderance of the evidence). There has been no allegation of fabrication, exaggeration, or fraud by the Defendant, who previously acknowledged that the Plaintiff did not have the current capacity to work. A likely insurmountable burden would arise if an impoverished and allegedly diminished capacity debtor were required to present exhaustive medical evidence and medical testimony, especially in the face of unrebutted and corroborated evidence of eight years of debilitating illness. In light of the evidence and circumstances of this case, the Plaintiff was not required to present expert testimony to further corroborate that her illnesses remain and are likely to continue, and the documentation offered by the Plaintiff from treating physicians was sufficient. Letters from treating physicians, a history of prescriptions, a finding of total disability, and a documented medical evaluation showing the Plaintiff could not hold a job,

are sufficient in this case to corroborate the Plaintiff's unrebutted testimony.

The unusually extended time period within which this case has been pending additionally afforded the Court a rare opportunity to observe the Plaintiff as she has progressed over time. The Court has had the advantage of observing and hearing evidence from the Plaintiff on two different occasions in a case spanning almost three years. From this perspective, the evidence submitted to the Court without objection is sufficient to meet the second prong of the Brunner test.

Taking into consideration the Plaintiff's age, current living situation, inability to walk or stand for long periods of time, chronic fatigue, lack of stamina, lack of strength, diminished cognitive ability, and the likelihood that these conditions will all last for a significant period of her possible repayment period given her age and the duration of her illnesses, the Plaintiff has demonstrated that exceptional circumstances exist in this case and has met the second prong of the Brunner test.

The Plaintiff has shown, by a preponderance of the evidence, that she meets all three prongs of the Brunner test and requiring her to repay the student loans owed to the Defendant would be an undue hardship.

THEREFORE, the Court will separately enter its JUDGMENT under Rule 58 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7058, discharging the Plaintiff's student loans.

[END OF DOCUMENT]

PARTIES TO BE SERVED

Philip E. Bolton
622-C Guilford College Road
Greensboro, NC 27409

Brent D. Kiziah
P.O.Box 12812
Research Triangle Park, NC 27709

North Carolina State Education Assistance Authority
PO Box 14002
Research Triangle Park, NC 27709-4002

William P. Miller
Bankruptcy Administrator
101 S. Edgeworth Street
Greensboro, NC 27401